UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )   CRIMINAL NO. 20-CR-10019-ADB<br>)<br>PAUL PACHECO    ) | |

### SENTENCING MEMORANDUM

Paul Pacheco is a 47-year-old divorced father, with two daughters – one in her early twenties and the other still in high school. At the time of his offense, he lived with his elderly mother on Maple Street in Lynn; caring for her, managing the household responsibilities, bringing her to medical appointments and making sure that the final years of her life could be spent in her home. Mr. Pacheco's ex-wife and daughters live just a few streets over and were in regular contact. His career was as a truck driver and in the automotive industry.  It is hard to understand why a man in his position would have, on multiple occasions, gone in to a nearby convenience store and robbed it. We hope to answer that question and present a proposal for just punishment for these offenses to the Court in these sentencing materials.

We believe that the conduct Mr. Pacheco engaged in is exceptionally unlikely to recur and was the result of unique financial circumstances. Because of that we ask the Court to sentence Mr. Pacheco to twelve (12) months and one day in prison followed by three years of supervised release. The three-year supervised release term should include special conditions that will ensure Mr. Pacheco continues in his mental health treatment. Such a sentence is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

1. **Sentencing Guideline Range**

Mr. Pacheco does not object to or contest the probation department's application of the Sentencing Guidelines. We believe the guideline range of 33-41 months is mathematically correct.

2. **Mr. Pacheco's Personal History, Characteristics & Nature of Offense**

The Presentence Report summarizes Mr. Pacheco's upbringing, childhood and personal history at PSR ¶¶ 38-60. While his childhood was often negatively impacted by his parent's alcohol abuse, he was able to grow up in a relatively stable environment. The true lasting consequence of the abuse of alcohol was the way that disease crept into his own life; ultimately causing strife between him and his wife that led to their divorce. Despite his alcoholism, Mr. Pacheco was always able to maintain work, primarily as a truck driver.

In 2019, after approximately two years of employment with HDMI Cardinal Showers & Glass, he was laid off. He was able to receive several months of unemployment, but when the unemployment benefits eventually lapsed, he was left with no income. This financial hardship led him to make the rash, stupid decision to rob the convenience store located only blocks from his home. When he was successful the first time, he continued the behavior until he was caught. His conduct shocked his family. While he had a few minor interactions with the Court system many years ago there was nothing in his history that ever involved violence, weapons or theft. Prior to this case, Mr. Pacheco had never spent a day in jail, much less faced federal prosecution and incarceration during a pandemic.

An additional stressor in Mr. Pacheco's life was the failing health of his mother. Throughout 2019 she struggled with her heart condition. In 2020 she was placed into hospice

case, with Mr. Pacheco as her primary caregiver. Because of his ability to provide around the clock care, she was able to spend her final months in her home. His mother died in December of 2020.

3. **3553(a) Factors and the Goals of Sentencing**

Under 18 U.S.C. § 3553(a), the Court should impose a sentence that is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in Section 3553(a)(2). The sentence must: 1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; 2) afford adequate deterrence to criminal conduct; 3) protect the public from further crimes of the defendant; and 4) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2).  Mr. Pacheco submits that the purposes of sentencing are best served by focusing not only on the period of incarceration, but on substance abuse counseling, mental health treatment, and close supervision by the probation office. This will ensure that this conduct never occurs again.  To that end, he asks the Court to depart from the guideline range to impose a twelve (12) month sentence and one day, to be followed by 2 years of supervised release.

**A. A 12 month and 1 Day Sentence Adequately Addresses the Seriousness of the Offense, Promotes Respect for the Law, and Provides Punishment that is Just.**

The Government's will ask for a guideline sentence as identified in the plea agreement. While we do not dispute the calculations, relying on the numbers on their face does not take into consideration the specific characteristics of Mr. Pacheco or the specific goals that significant sentence of imprisonment could accomplish.  In so doing, the Government will likely rely upon

- 3 -

the seriousness of each robbery individually and the fact that the store was robbed on multiple occasions. There is no question that, notwithstanding the unsophisticated way he went about committing the robberies, Mr. Pacheco's conduct in robbing the store is serious. While Mr. Pacheco had no intention to injure anyone, the severity of his conduct was egregious. The store clerk would have been unable to tell whether the weapon was a BB gun or a real gun and it would be natural to assume he feared the worst – that it was a real, loaded firearm. This extreme behavior hardly matched the miniscule profit of his conduct – in total, from all the robberies, Mr. Pacheco came away with $380. When arrested, he confessed to all of the robberies.

**B. A Twelve (12) month and a Day Sentence Adequately Takes Into Consideration the Risks of COVID-19.**

Mr. Pacheco suffers from a variety of medical issues that have plagued him for years. He has been in long-term care at the North Shore Medical Group in Salem, Massachusetts, where he sees several practitioners. Over the years his diagnoses have evolved, but have included: bronchitis, diabetes, high blood pressure, hypertension and high cholesterol, hyper-thyroidism, fibromyalgia, bipolar disorder, anxiety and depression.

| Observed Date | Category | Type | Problem | Confirmed By |
|---|---|---|---|---|
| 03-23-2020 | Chronic | Psych | Bipolar II disorder | |
| 01-24-2020 | Acute | Injury | Fracture of unsp part of body of mandible, init for clos fx | hospital |
| 01-24-2020 | Acute | Injury | Fracture of unspecified part of body of mandible, sequela | hospital |
| 01-22-2020 | Chronic | Metabolic | Hyperlipidemia, unspecified | hospital |
| 01-22-2020 | Chronic | Endocrine | Hypothyroidism, unspecified | hospital |
| 01-22-2020 | Chronic | Circulatory | Essential (primary) hypertension | hospital |
| 01-17-2020 | Chronic | Endocrine | Type 2 diabetes mellitus with diabetic nephropathy | hospital |
| 01-17-2020 | Acute | Musculoskeletal | Fibromyalgia | hospital |

(Patient: PAUL J PACHECO, Patient Number MSA2008716, Booking Number 1725426, Birth Date 12/20/1973, Date Of Service 1/7/2021. Essex County Sheriff's Department, Middleton Jail and Essex Coun, 20 Manning Ave, Middleton, MA 01949. Chronic Care Initial Visit for Multiple Medical Problems. Wellpath. SUBJECTIVE (Review chart for other medical problems) — No complaints. Pt denies any new symptoms.)

These conditions create a substantial risk that if Mr. Pacheco were to contract COVID-19; he would be at great risk for suffering serious complications. People with diabetes are simply at a greater risk than the general population. Diabetes patients have impaired immune-response to infection both in relation to cytokine profile and to changes in immune-responses including T-cell and macrophage activation.[1] Not only does Mr. Pacheco have diabetes, he also has hypertension and high cholesterol, two other risk factors. In a report evaluating the treatment of individuals who are healthy in comparison to those who have multiple risk factors, the CDC

---

[1] https://www.touchendocrinology.com/insight/covid-19-infection-in-people-with-diabetes/

suggests that individuals who have one or more risk factors are more likely to be hospitalized and more likely to require treatment in the ICU.[2]

Furthermore, the conditions of confinement that await Mr. Pacheco at a federal prison will exacerbate his mental health conditions. As social distancing is not possible or tenable in correctional facilities, many jails have imposed prolonged cell confinement measures, requiring prisoners to remain locked separately in their own cells to eliminate access to places where prisoners congregate (e.g. gyms, recreational areas, dining halls, etc.). Prolonged cell confinement has been deemed by the Supreme Judicial Court of Massachusetts, after reviewing expert testimony on the matter, to be "highly toxic to psychological functioning" and can cause prisoners to "develop severe perceptual disturbances, including perceptual distortions and overt hallucinations." *Haverty v. Comm'r of Correction*, 437 Mass. 737, 752 (2002).

Mr. Pacheco has a history of self-destructive behavior when faced with adversity. He has attempted suicide on multiple occasions each coinciding with the loss of family members. PSR ¶¶ 56-57. It is not surprising that in the last days of his mother's life his relationships with his siblings suffered. He has worked hard through a combination of therapy and medication compliance to understand his stressors and maintain a stable, sober lifestyle. His diagnosis however, is a very serious one – severe depressed bipolar I disorder and will require a lifetime of treatment and care. While the Bureau of Prisons does have the capacity to medicate Mr. Pacheco,

---

[2] CDC Report, April 3, 2020.

our concern is that unprecedented changes in prison management will have an acute effect on his mental health.

    C. **The Need to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**.

The circumstances of the COVID-19 pandemic make the ability of the Bureau of Prisons to provide targeted educational, vocational and training options for inmates tenuous. The prisons are regularly in lock downs that prevent contracted treatment or educational providers from entering the prisons. Fundamental programming (for example, RDAP) has been sporadically halted at different facilities because of the pandemic. Even when programming reopens fully in all available facilities, the wait list will be so long that people like Mr. Pacheco will likely never have an opportunity to participate.  More specifically to Mr. Pacheco, he is 47 years old. He has had a career in the trucking industry, but in recent years the economy and his significant medical issues have made it hard for him to maintain steady employment. His employment history, described in PSR ¶ 60 shows that he has always worked in the automotive industry. He graduated high school in 1993, PSR ¶ 59 and has pursued specific training in his field.  It is unlikely that he will find a new trade or career through training at the Bureau of Prisons. This purpose of imprisonment will not help Mr. Pacheco return to society and a lengthy period of incarceration would only make his return to society more challenging.

## CONCLUSION

The actual circumstances of these, his minimal criminal history, his past circumstances and positive hope for the future are all characteristics worthy of consideration in fashioning an appropriate sentence for Mr. Pacheco. This Court should therefore give limited consideration to

the guideline range and instead impose a sentence that more adequately considers all of the goals of sentencing as captured in the § 3553(a) factors. Those factors militate towards a sentence below §2B1.3's suggested 33 – 41 month term of imprisonment. A sentence of twelve (12) months and a day for Mr. Pacheco, with specific mental health conditions during supervision, better comports with Congress's sentencing goals than does the nominal guideline sentencing range. The Court should Order restitution as set forth in the PSR and the plea agreement.

Respectfully submitted,
PAUL PACHECO

By his Attorney,

*/s/ Jessica Thrall*
Jessica Thrall,
 B.B.O.: 670412
Assistant Federal Public Defender
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 2, 2021.

*/s/ Jessica Thrall*
Jessica Thrall